## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SHELIA FRANKLIN**
2220 Stream Vista Place, Apt. 305
Waldorf, Maryland 20601

**MARIA CLAROS**
2335 Maytime Drive
Gambrills, Maryland 21054

**SHERI RAINGE**
8301 Windemere Drive
Pasadena, Maryland 21122

**Each Plaintiff, individually and on behalf
of all others similarly situated,**

    *Plaintiffs*,
*v.*

**BJ'S WHOLESALE CLUB, INC.**
25 Research Drive
Westborough, Massachusetts 01581

<u>SERVE ON</u>:

The Corporation Trust, Incorporated
2405 York Road
Suite 201
Lutherville Timonium, Maryland 21093-2264

    *Defendant.*

Civil Action No. _____

---

## <u>ADEA COLLECTIVE ACTION COMPLAINT</u>

The Plaintiffs, Shelia Franklin, Maria Claros and Sheri Rainge, by their attorneys, James M. Ray, II and Ray Legal Group, LLC, and on behalf of themselves and similarly situated employees of BJ's Wholesale Club, Inc., hereby sue BJ's Wholesale Club, Inc. for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*., and allege as follows:

PARTIES

1.      Plaintiffs Maria Claros, Shelia Franklin, and Sheri Rainge are each citizens of the State of Maryland.

2.      Defendant BJ's Wholesale Club, Inc. ("Defendant" or "BJHC") is a Delaware corporation with its principal place of business in Westborough, Massachusetts.  BJHC operates thirteen stores and facilities in the State of Maryland, including stores and facilities in Baltimore, Bel Air, Bowie, Canton – Baltimore, Capitol Heights, Columbia, Columbia Gas Station, Easton, Lexington Park, Owings Mills, Pasadena, Waldorf and Westminster.

JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiffs' claims brought under the ADEA.  A collective action under the ADEA is authorized under 29 U.S.C. § 626(b) which incorporates the provisions of 29 U.S.C. § 216, including the collective action provisions of the Fair Labor Standard Act under 29 U.S.C. § 216(b).

4.      This Court has personal jurisdiction over the Defendant because the Defendant employs persons residing within the State of Maryland, including the Plaintiffs, and transacts business and performs work and services within the State of Maryland.

5.      Venue in this District is proper as the events giving rise to the claims occurred within this District.

6.      As evidenced by the attached consents, each Plaintiff consents to be a plaintiff in this collective action seeking relief under the ADEA.  *See* Exhibits 1, 2 and 3.

FACTS COMMON TO ALL COUNTS

Plaintiff Maria Claros

7.       Plaintiff Maria Claros began her employment with the Defendant on October 12,

2004.

8.     Ms. Claros, at all relevant times, was forty-eight (48) years old.

9.     At all relevant times, Plaintiff Maria Claros was employed in Maryland as a Produce Supervisor earning $27.69 per hour.

10.    At all relevant times, Plaintiff Maria Claros completed her job duties in a competent manner and met the Defendant's reasonable expectations.

11.    On or around March 22, 2021, Plaintiff Maria Claros was notified by the Defendant that she was being "demoted" to a Produce Clerk and that her pay rate would be reduced to $17.85 per hour. Even though Plaintiff Maria Claros was allegedly "demoted," and her pay rate reduced, she was still required to perform the same duties as she did as a Produce Supervisor.  The Defendant stated that if Ms. Claros refused to accept the "demotion" her employment would be terminated.

12.    Any reason for Ms. Claros' demotion was a pre-text for Defendant's actual motivation, to discriminate against older employees, such as Ms. Claros, due to their being over forty (40) years old.

13.    On or about May 6, 2021, Ms. Claros filed a charge of discrimination with the EEOC alleging age discrimination under the ADEA.  Charge No.  531-2021-02047.  On or about June 14, 2021, the EEOC issued a Notice of Right to Sue letter.  More than sixty (60) days have passed since Ms. Claros filed her charge of discrimination with the EEOC.  Ms. Claros has complied with all conditions precedent to filing this action.

<u>Plaintiff Shelia Franklin</u>

14.    Plaintiff Shelia Franklin began her employment with the Defendant on November 14, 2004.

3

15.     Ms. Franklin, at all relevant times, was fifty-three (53) years old.

16.     At all relevant times Plaintiff Shelia Franklin was employed in Maryland as a Produce Supervisor earning $25.96 per hour.

17.     At all relevant times, Plaintiff Shelia Franklin completed her job duties in a competent manner and met the Defendant's reasonable expectations.

18.     On or around March 22, 2021, Plaintiff Shelia Franklin was notified by the Defendant that she was being "demoted" to a Produce Clerk and would be earning $19.95 per hour. Even though Plaintiff Shelia Franklin was being "demoted," and her pay rate reduced, she was required to perform the same duties as she did as a Produce Supervisor.  The Defendant stated that if Ms. Franklin refused to accept the "demotion" that her employment would be terminated.

19.     Any reason for Ms. Franklin's demotion was a pre-text for Defendant's actual motivation, to discriminate against older employees, such as Ms. Franklin, due to their being over forty (40) years old.

20.     On or about May 6, 2021, Ms. Franklin filed a charge of discrimination with the EEOC alleging age discrimination under the ADEA.  Charge No.  531-2021-02041.   On or about June 7, 2021, the EEOC issued a Notice of Right to Sue letter.  More than sixty (60) days have passed since Ms. Franklin filed her charge of discrimination with the EEOC.  Ms. Franklin has complied with all conditions precedent to filing this action.

<u>Plaintiff Sheri Rainge</u>

21.     Plaintiff Sheri Rainge began her employment with the Defendant on May 23, 1997.

22.     Ms. Rainge, at all relevant times, was fifty-five (55) years old.

23.     At all relevant times, Plaintiff Sheri Rainge was employed in Maryland as a Receiving Clerk earning $20.32 per hour.

24.     At all relevant times, Plaintiff Sheri Rainge completed her job duties in a competent manner and met the Defendant's reasonable expectations.

25.     On or around March 22, 2021, Plaintiff Sheri Rainge was notified by the Defendant that she was being "demoted" to a Scan Coordinator and would be earning $17.50 per hour.  In addition, the Defendant changed her hours to the graveyard shift (3:00 a.m. – 11:00 a.m.). Even though Plaintiff Sheri Rainge was "demoted," and her pay reduced, she would have been required to perform the same duties as she did as a Receiving Clerk.   Ms. Sheri Rainge was forced to accept a daytime position as a Cashier earning $17.50 per hour so that she could maintain full-time employee benefits. The Defendant stated that if Ms. Rainge refused to accept the "demotion" that her employment would be terminated.

26.     Any reason for Ms. Rainge's demotion was a pre-text for Defendant's actual motivation, to discriminate against older employees, such as Ms. Rainge, due to their being over forty (40) years old.

27.     On or about May 6, 2021, Ms. Rainge filed a charge of discrimination with the EEOC alleging age discrimination under the ADEA.  Charge No.  531-2021-02048.   On or about June 2, 2021, the EEOC issued a Notice of Right to Sue letter.  More than sixty (60) days have passed since Ms. Rainge filed her charge of discrimination with the EEOC.  Ms. Rainge has complied with all conditions precedent to filing this action.

<u>Additional Factual Allegations</u>

28.     BJHC engaged in discriminatory pattern, practice and policy directed against older employees (who were aged 40 years or older) by imposing decreased hourly pay rates and "demotions" on those employees.

29.     The Defendant sought to reduce the pay rates of the Plaintiffs and other older

employees in late March 2021 even as the Defendant was announcing in a March 4, 2021 press release that "2020 was a remarkable, transformative and challenging year that structurally changed our business for the better. While the unique circumstances brought on by the pandemic provided tailwinds, our industry-leading results and significant market share gains demonstrate the strength of our execution in these challenging times." The Defendant's "[g]ross profit increased to $742.6 million in the fourth quarter of fiscal 2020 from $622.2 million in the fourth quarter of fiscal 2019."

30.     Younger/lower-paid similarly situated co-workers were not "demoted" or forced to accept reductions in their hourly pay rates.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

31.     The Plaintiffs, on behalf of themselves and other similarly situated persons who worked at Defendant BJHC in Maryland during the relevant period, are pursing the herein alleged ADEA claim as a collective action pursuant to ADEA § 621.

32.     Similarly situated employees, for purposes of this ADEA collective action, include persons who:

     a.  worked at a BJHC store or facility in Maryland;

     b.  were told by BJHC, on or after January 1, 2021, that the employee had to accept a "demotion" and/or reduction in the hourly pay rate or that the employee's employment would be terminated;

     c.  accepted the "demotion" and/or a reduction in hourly pay rate; and

     d.  were forty (40) years or older at the time.

<u>COUNT I</u>
(ADEA Discrimination—29 U.S.C. §§ 623)
(Plaintiff Maria Claros, Plaintiff Shelia Franklin, and Plaintiff Shari Rainge, Each Individually,
and on Behalf of Similarly Situated Employees v.
Defendant BJ's Wholesale Club, Inc.)

33.     The Plaintiffs incorporate by reference the preceding allegations as if set forth fully herein.

34.     Each Plaintiff and each similarly situated employee of the Defendant is an "employee" under ADEA, as each Plaintiff and each similarly situated employee employed by the Defendant.  *See* 29 U.S.C. § 630(f).

35.     Each Plaintiff and each similarly situated employee is at least forty (40) years of age.  *See* 29 U.S.C. § 631.

36.     The Defendant is an "employer" under the ADEA as the Defendant is a corporation that is "engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar week in the current or preceding calendar year, " including employing more than twenty employees at its Maryland stores and facilities.  *See* 29 U.S.C. §§ 630(a) & 630(b).

37.     The ADEA states that "[i]t shall be unlawful for an employer… to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age…."  29 U.S.C. § 623(a)(2).

38.     The Defendant maintains discriminatory policies, patterns and/or practices that have an adverse and disparate impact on employees who are forty (40) years of age or older in violation of the ADEA and that are not, and cannot be, justified by reasonable factors other than age, including the policy, pattern and practices of "demoting" such employees and paying such

employees a lower hourly rate even though such employees continue to have the same responsibilities and duties.

39.     As a direct result of the Defendant's discriminatory policies, patterns and practices, the Plaintiffs and similarly situated BJHC employees forty (40) years old and older have suffered damages, including but not limited to lost past and future income, compensation and benefits.

40.     The Defendant's policies, patterns and practices have an unlawful disparate impact on employees ages 40 years and older in violation of 29 U.S.C. § 623(a)(2).

WHEREFORE, the Plaintiffs and similarly situated employees demand the following:

A.     Certification of a collective action under 29 U.S.C. § 621;

B.     A preliminary and permanent injunction against the Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against the Plaintiffs and the collective members because of their age;

C.     An order that the Defendant institute and carry out policies, practices, and programs that eradicate the effects of their past and present unlawful employment practices; and

D.     An award of damages against the Defendant in favor of the Plaintiffs and the collective members for front pay, back pay, lost benefits, liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By:   _/s/ James M. Ray_____
      James M. Ray, II (#012773)
      jim.ray@raylegalgroup.com
      8720 Georgia Avenue, Suite 904
      Silver Spring, Maryland 20910
      Phone: (301) 755-5656
      Fax:    (301) 755-5627

      *Attorneys for Plaintiffs*

8